IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| In the Matter of: | Case No.: |
| BACK CREEK FARMS SUBDIVISION, LLC | 08-04295-8-JRL |
| Debtor | Chapter 11 |

### DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363

COMES NOW, Back Creek Farms Subdivision, LLC (hereafter the "Debtor"), by and through its undersigned counsel, and respectfully moves this Court for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363. Furthermore, the Debtor respectfully requests an emergency hearing before this Court, pursuant to Rule 4001(b)(2) of the Bankruptcy Rules, in order to avoid immediate and irreparable harm to the Estate.

Pursuant to Bankruptcy Rule 4001(c)(1)(B) the Debtor sets forth the following introductory statement:

The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. The Debtor believes that in order to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses. The Debtor will require necessary funds for operating its business and other expenses. The Debtor's only significant source of income is through continued operations, the resulting sales of real property, and the cash proceeds generated thereby. It appears that the proceeds generated from the Debtor's properties may constitute cash collateral of Keybank National Association ("Keybank") within the meaning of § 363 of the Bankruptcy Code. The Debtor proposes that Keybank should be allowed, as adequate protection for the Debtor's use of the cash collateral, post-petition replacement liens and security interests on the same assets to which their liens attached pre-petition, to the same extent and

with the same validity and priority as existed on the petition date.

In support of this Motion For An Order Authorizing Use of Cash Collateral, the Debtor shows unto this Court the following:

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

2.   The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy Code on June 27, 2008 and operates as a debtor-in-possession.

3.   The Debtor is a North Carolina limited liability company engaged in the business of real estate development in Mecklenburg County, North Carolina. The Debtor owns and is in the process of developing lots in a subdivision known as The Farms At Back Creek ("Back Creek"). After the Debtor completes the development of the lots, the Debtor sells them to a builder, who then constructs homes on the lots.  Currently, the Debtor is a party to an executory contract with Eastwood Construction Co., Inc. ("Eastwood") and an executory contract with Homelife Communities Group of Charlotte, Inc. ("Homelife"), whereby Eastwood and Homelife have agreed to purchase the lots at Back Creek according to the schedule attached to the contracts.  Based on the purchase prices for the lots, the net lot revenues, after payments of closing costs and deposits is $9,672,585.00.

4.   In order to finance the development of lots at Back Creek, the Debtor executed a promissory note to Keybank.  The note is secured by a first priority deed of trust on all of the property comprising Back Creek. Upon the sale of lots, the loan documents require that 100% of the net proceeds of sale, after payment of any costs of sale or closing costs, be paid to Keybank.  The Debtor does not receive any proceeds from the sale of lots until Keybank has been paid in full. At this time, Keybank is owed approximately $5,427,514.00. In addition, Keybank's construction loan

agreement allows for additional advances up to $2,156,122.00, for a total of $7,583,636.00.

5. The Debtor also executed a promissory note and deed of trust to certain investors. These investors hold a second priority deed of trust on Back Creek, securing the amounts they advanced. No sales proceeds are paid to the second lienholders until Keybank has been paid in full.

6. It appears that the proceeds generated from the sales of lots in the Back Creek may constitute cash collateral of Keybank within the meaning of § 363 of the Bankruptcy Code.

7. The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. The Debtor believes that in order to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses. The Debtor's only significant source of income is through continued operations, the resulting sales of real property, and the cash proceeds generated thereby. The Debtor has no other readily available cash with which to operate its business. As a result, the Debtor respectfully requests a preliminary hearing on this Motion in order to avoid a closing down of operations and immediate, irreparable harm to the Estate.

8. The Debtor will require necessary funds for operating its business, including overhead expenses. Historically, the Debtor has employed a management company. The Debtor pays the management company a management fee and the management company uses this management fee to pay the Debtor's operating expenses such as payroll, utilities, rent, taxes, and other non-construction costs.

9. The Debtor requests the use of 15% of the gross sales proceeds from each sale of lots at Back Creek, resulting in a new lot release price to Keybank of 85% of the gross sales proceeds per lot. Keybank's interest is protected through a significant equity cushion, as the current loan to value ratio, assuming all advances were made by Keybank, is 78%.

10. The Debtor will maintain one or more Debtor in Possession ("D.I.P.") bank accounts, into which it will deposit all cash, checks, and other cash items.

11. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

12. Furthermore, if the use of cash collateral is not immediately approved, the Estate will suffer immediate and irreparable harm, in that it will not be able to pay its expenses from funds generated by operations. If the Debtor is unable to maintain constant cash flow, it cannot possibly succeed in bankruptcy. Rule 4001(b)(2) of the Bankruptcy Rules reads as follows:

> (2) Hearing. The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Pursuant to Rule 4001, the Debtor respectfully requests a preliminary hearing authorizing it to use cash collateral as specified in this Motion.

WHEREFORE, the Debtor respectfully prays for the following relief:

1. For a preliminary hearing on this Motion in order that immediate harm to the Estate can be avoided;

2. For leave of the Court to pay necessary expenses utilizing current cash collateral generated by the above-described operations;

3. For an Order authorizing the Debtor's use of cash collateral in accordance with 11 U.S.C. § 363; and

4.        For such other and further relief that this Court deems just and appropriate.

DATED: 6/27/08

s/Trawick H. Stubbs, Jr.
TRAWICK H. STUBBS, JR.
N.C. State Bar No: 4221
LAURIE B. BIGGS
N.C. State Bar No: 31845
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, N. C. 28563-1654
(252) 633-2700
(252) 633-9600 (Facsimile)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | |
|---|---|
| In the Matter of: | Case No.: |
| BACK CREEK FARMS SUBDIVISION, LLC | 08-04295-8-JRL |
|    Debtor | Chapter 11 |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court: and

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the Motion and any response thereto on **July 1, 2008 at 10:00 a.m. at the United States Bankruptcy Court, located within the U.S. Courthouse and Post Office Building, Room 208, 300 Fayetteville Street Mall, Raleigh, North Carolina.**

   DATE OF NOTICE:  06/27/08

                                                      s/Trawick H. Stubbs, Jr.
                                                    TRAWICK H. STUBBS, JR.
                                                    N.C. State Bar No:  4221
                                                    STUBBS & PERDUE, P.A.
                                                    Post Office Box 1654
                                                    New Bern, N. C. 28563-1654
                                                    (252) 633-2700
                                                    (252) 633-9600 (Facsimile)