**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

In the Matter of:                                                  Case No.:
**BACK CREEK FARMS SUBDIVISION, LLC**                               **08-04295-8-JRL**
    **Debtor**                                  **Chapter 11**

## DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 U.S.C. § 364(d)

**COMES NOW** Back Creek Farms Subdivision, LLC (hereafter "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 364(d) respectfully moves this Court for an Order authorizing the Debtor to enter into a post-petition line of credit financing arrangement, pursuant to the terms outlined herein.

## INTRODUCTORY STATEMENT

Pursuant to Bankruptcy Rule 4001(c)(1) the Debtor sets forth the following introductory statement:

The Debtor is the owner of the subdivision located in Mecklenburg County, North Carolina known as Back Creek Farms. Currently, the Debtor is in the process of developing lots at Back Creek Farms. After the Debtor completes the development of the lots, the Debtor sells them to a builder, who then constructs homes on the lots. The Debtor is a party to an executory contract with Eastwood Construction Co., Inc. ("Eastwood"), whereby Eastwood has agreed to purchase the lots at Back Creek Farms according to the schedule outlined in the contract. The Debtor has an existing loan in place with KeyBank which will finance the majority of the remaining development work necessary to complete the lots and prepare them for sale. However, the Debtor is seeking new financing to provide amounts necessary to assure delivery of lots to purchasers in a timely manner free of liens and to cover other operating costs on an as needed

1

basis. Certain individuals (collectively the "Lender") have agreed to enter into a lending arrangement whereby such individuals will each advance funds that shall be "pooled" together to create a a line of credit upon which the Debtor may draw to fund the costs described herein. Lender has proposed terms for the financing arrangement, the most significant of which is a proposed "priming" or subordination of all liens junior to the lien of the senior lender.  The lien of the senior lender includes all future advances under the first mortgage loan.  The debt will be secured by a second priority lien on the property and repaid as shown on the term sheet attached hereto as Exhibit "A." The debt will also be secured by property owned by related debtors.

In support of the Motion for Order Authorizing Post-Petition Financing Arrangement Pursuant to 11 U.S.C. § 364(d), the Debtor shows unto this Court the following:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy code on June 27, 2008.  The Debtor currently operates as a debtor-in-possession.

3.  The Debtor is a North Carolina limited liability company engaged in the acquisition and development of real estate located in Mecklenburg County, North Carolina.  Back Creek Farms is comprised of 198 lots, and has an estimated net value, after payment of closing costs and deposits, of $9,672,585.00 based on the purchase price per lot contained in the Eastwood contract.

4.      KeyBank has a first priority deed of trust on Back Creek Farms, securing a construction loan in the amount of $7,583,636.00, of which $5,427,514.00 has been advanced. There is also a second priority deed of trust held by a class of investors (the "Investor Lien") which is owed in excess of $2.7 million.

5.   The Debtor now proposes to enter into a revolving Line of Credit Financing Agreement (the "Credit Line") with Lender which will allow the Debtor to draw against the Credit Line, up to the maximum amount, to meet certain development and/or operational shortfalls in the Debtor's cash flow.  A summary of the proposed terms, subject to changes as may be required by the Court or subsequent negotiations between the parties, is shown on Exhibit "A."

6.   The proposed financing is conditioned upon Lender receiving a second lien position on the Collateral.

7.   The proposed financing will improve substantially the positions of all parties to this proceeding including Key Bank, the investors, mechanic's lien holders, if any, unsecured claimants, and the Debtor. Based on the lot purchase prices in the Eastwood contract, the Debtor estimates the sellout value of Back Creek Farms to be $9,672,585.00. A "fire sale" of the developed lots, unfinished lots, and undeveloped property would constitute a disaster to all parties to this Chapter 11 estate, as a new buyer for the lots would have to be found. In addition, if the Debtor is unable to secure financing to meet shortfalls in operating costs and the development costs, then the Debtor will face significant obstacles in  preparing and completing the lots for sale to Eastwood.

8.   Under the Debtors' proposal, the Investor Lien will receive adequate protection for the repayment of its debt. Without the financing proposed herein, the Debtor will face difficulties in completing Back Creek Farms, and it is unlikely that the Debtor would be able to fully satisfy KeyBank. In addition, the Investor Lien would not realize any significant proceeds from the lot sales.  The proposed financing will allow the Debtor to complete Back Creek Farms and provide a greater return to the Investor Lien and all parties.

9.   The Investor Lien will receive adequate protection as follows:

3

a. The Investor Lien will continue to hold valid liens against the same property that it now holds, in the same priorities and amounts as shown in paragraph 6 above, subject only to the "Priming" of its liens by the Credit Line.

b. The Investor Lien is the beneficiary of the additional work performed at Back Creek Farms, as the completion of each phase resulting from the continuation of the Debtor's operations, dramatically increases the value of Back Creek Farms for the benefit of all parties to this estate. Most importantly, the completion of lots is critical in order to prepare the lots for sale pursuant to the Eastwood contract.

10.   Section 364(d)(1) of the Bankruptcy Code authorizes the Court to approve credit through the grant of a senior lien only if:

> (A) the trustee is unable to obtain such credit otherwise; and
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11.   The Debtor has attempted to obtain additional financing for Back Creek Farms, both pre and post petition under normal financing arrangements, both secured and unsecured, by the granting of security interests behind the security interest of the Investor Lien, and to date it has been unable to do so.

12.   The financing to be provided by the Lender satisfies the requirements of section 364(d) of the Bankruptcy Code.  The Financing satisfies the first requirement of section 364(d) of the Bankruptcy Code – the non-availability of credit elsewhere – because no other available postpetition financing allows the Debtors to obtain development financing.

13.   The financing also satisfies the second requirement of section 364(d) of the Bankruptcy Code – adequate protection of interests of existing secured creditors.  Although the

Bankruptcy Code does not define adequate protection, section 361 of the Bankruptcy Code provides the following three nonexclusive examples of what may constitute adequate protection:

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503 (b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.  Essentially, with the provisions of adequate protection, the Bankruptcy Code seeks to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use.  *See, e.g., In re Addison Prop. Ltd. P'ship*, 185 B.R. 766, 770 (Bankr. N.D. Ill. 1995) (adequate protection is meant to assure that a secured creditor does not suffer a decline in the value of its interest in the estate's property); *see also In re Nice*, 355 B.R. 554, 563 (Bankr. N.D. W. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as the petition date due to a debtor's continued use of collateral"); *In re Hubbard Power & Light*, 202 B.R. 680, 685 (Bankr. E.D.N.Y. 1996)

14.  Because Lender is unwilling to provide the necessary funding unless it is granted liens of a higher priority than the prepetition liens securing the investors, the Debtor seeks approval of the Financing under section 364(d) of the Bankruptcy Code.  Section 364(d) of the Bankruptcy Code allows a court to authorize postpetition credit secured by a senior lien on encumbered property (*i.e.* a "priming" lien) if (a) the debtor cannot obtain credit elsewhere and (b) the interest of existing lien holders are adequately protected.  See 11 U.S.C. § 364(d)(1).

5

15. The adequate protection safeguards proposed herein are fair and reasonable and will protect the junior secured creditors from the diminution in the value of their interest as it allows the Debtor to finish developing Back Creek Farms, thereby increasing the value of existing and future lots and increasing the capacity to pay off all creditors. Accordingly, the Court should approve the financing, including its priming provision.

16. Inability to access financing and thereby generate revenues to adequately support its business at this critical juncture would severely jeopardize the Debtor's reorganization efforts. Approval and implementation of the financing, however, will enable continued functioning of the Debtor's operations on a daily basis and preserve the going concern value of the Debtor's estates for the benefit of all parties.

17. After appropriate investigation and analysis, the Debtor has concluded that the Financing  presents the best alternative available under the circumstances. Bankruptcy Courts routinely defer to the Debtors' business judgment on most business decisions, including the decision to borrow money, unless such decision fails the arbitrary and capricious standard. *See, e.g.*, *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D. Ill. 1986) ("[t]his lax [business judgment] standard directs courts to approve the Debtor's actions where the latter demonstrates that [the actions] will benefit the Debtor's estate or reorganization efforts"); *Mid-State Raceway*, 323 B.R., at 58 (Bankr. N.D.N.Y 2005) (finding that courts should approve borrowings pursuant to section 364(d) of the Bankruptcy Code incurred by a Debtor within its business judgment).

18. The Debtor has exercised sound business judgment in determining that a postpetition credit facility is appropriate and has satisfied the legal prerequisites to borrow under the financing. The terms are in the best interest of the Debtors' estates. Accordingly, the Court should grant the authority to enter into the financing and borrow funds from Lender on the secured basis, pursuant to sections 364(d) of the Bankruptcy Code. As set forth above, the

adequate protection the Debtor has proposed to provide to the Investor Lien and all other secured creditors sufficient adequate protection to protect their interests as required by section 364(d)(1) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully prays for the following relief:

1.      An Order authorizing the post-petition financing arrangement with Lender under the terms and conditions set forth in this Motion;

2.      For a preliminary hearing on this Motion in order that immediate harm to the Estate can be avoided, and that a final hearing be held at a date and time to be established by the Court, to determine appropriate release prices, if any, to be paid upon the sales of property described herein; and

3.      For such other and further relief that this Court deems just and appropriate.

DATED: 6/27/08

                                        s/Trawick H. Stubbs, Jr.
                                        TRAWICK H. STUBBS, JR.
                                        N.C. State Bar #4221
                                        LAURIE B. BIGGS
                                        N.C. State Bar #31845
                                        STUBBS & PERDUE, P.A.
                                        8450 Falls of Neuse Road, Suite 206
                                        Raleigh, NC 27615
                                        (919) 870-6258
                                        (919) 870-6259 FACSIMILE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

In the Matter of:                                                    Case No.:

**BACK CREEK FARMS SUBDIVISION, LLC                08-04295-8-JRL**
    **Debtor**                                                    **Chapter 11**

## <u>NOTICE OF MOTION</u>

    NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 U.S.C. §364(d) filed simultaneously herewith in the above captioned case; and

    FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court on or before **10:00 a.m. on July 1, 2008**; and,

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the Motion and any response thereto on **July 1, 2008 at 10:00 a.m. at the United States Bankruptcy Court, located within the U.S. Courthouse and Post Office Building, Room 208, 300 Fayetteville Street Mall, Raleigh, North Carolina.**  If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto <u>ex parte</u> without further notice.  Any party filing an objection requesting a hearing, shall appear at said hearing or they may be taxed with Court costs.

    DATE OF NOTICE:  6/27/08

<u>s/Trawick H. Stubbs, Jr.</u>
Trawick H. Stubbs, Jr.
N.C. State Bar #4221
STUBBS & PERDUE, P.A.
8450 Falls of Neuse Road, Suite 206
Raleigh, NC 27615
(919) 870-6258
(919) 870-6259 FACSIMILE
